IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JONAH BERGER,

    PLAINTIFF,             CIVIL ACTION NO.

V.                                2:08-CV-177-

SOUTHERN OAK CONSTRUCTION, LLC

    DEFENDANT.            TRIAL BY JURY REQUESTED

## COMPLAINT

COMES NOW the Plaintiff by and through the undersigned attorneys, and for the causes of action, states the following:

**I.    JURISDICTION AND VENUE**

1.    This action for injunctive relief and damages is brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. §1331.

**II.    PARTIES**

2.    Plaintiff Jonah Berger (hereinafter "Plaintiff") is a resident of Chilton County, Alabama and performed work for the Defendant in the counties composing the Middle District of Alabama. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203)(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action

1

properly lies in the Middle District, Northern Division.

3. Defendant, Southern Oak Construction, LLC ("Defendant"), is registered and does business in the State of Alabama. Defendant is engaged in commerce or in the production of goods for commerce as contemplated by 29 U.S.C. §§ 203(r), 203(s). Defendant is a company doing business in the State of Alabama.

## III. FACTUAL SUMMARY

4. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 3 above as if fully set forth herein.

5. Plaintiff began working with Defendant in 2003, and at the time of Plaintiff's termination of employment in July, 2007, he held the position of Supervisor.

6. At all times while employed with Defendant, Plaintiff was correctly classified as an hourly paid, non-exempt employee.

7. Plaintiff's last rate of pay with Defendant was $17 per hour, with an overtime rate of $25.50 per hour.

8. Plaintiff regularly worked over forty (40) hours in a work week, typically averaging 60 to 70 hours.

9. Plaintiff was paid straight time for all hours worked, whether over or under forty (40) in a work week.

10. Defendant worked Plaintiff off the clock pre shift and during lunch,

during which time he was not paid 1.5 times his regular hourly rate for hours worked in excess of forty (40).

## IV.   COUNT ONE – FLSA VIOLATIONS – OVERTIME PAY

11.   Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 10 above as if fully set forth herein.

12.   Until approximately October, 2006, Defendant paid Plaintiff, and its other employees, straight time for hours worked in excess of forty (40) in a work week.

13.   Defendant changed its payment method to comply with the FLSA in regards to payment of 1.5 for hours worked in excess of forty (40) in a work week in approximately October, 2006.

14.   Although Defendant knew by no later than October, 2006 that it had improperly paid Plaintiff for hours worked in excess of forty (40) in a work week, having only paid Plaintiff straight time wages for those hours, as opposed to 1.5 times his regular hourly rate, Defendant did not pay Plaintiff monies due and owing to him for the improper payments preceding October, 2006.

15.   Defendant willfully violated the FLSA by failing to pay Plaintiff for hours worked in excess of forty (40) in a work week at 1.5 times his regular hourly rate of pay.

16.   Plaintiff has been damaged at the rate of $8.50 per hour for every hour

worked in excess of forty (40) in a work week for at least three years preceding the filing of this complaint due to Defendant's willful violation of the FLSA.

## V. COUNT TWO – FLSA VIOLATION – 29 C.F.R. 785.19

17. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 16 above as if fully set forth herein.

18. Defendant automatically deducted thirty (30) minutes from Plaintiff's pay for an unpaid meal period.

19. Plaintiff regularly worked through all or part of his unpaid meal period for the benefit of Defendant.

20. Defendant failed to provide Plaintiff an uninterrupted unpaid meal break away from Plaintiff's work duties and work station, thereby violating 29 C.F.R. 785.19.

21. Defendant willfully violated the FLSA by failing to pay Plaintiff 1.5 times his regular hourly rate for all hours worked in excess of forty (40) in a work week during his lunch break in violation of §785.19, causing damage to Plaintiff in the form of back pay.

## VI. COUNT THREE – FLSA VIOLATION – PRE SHIFT

22. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 21 above as if fully set forth herein.

23. Plaintiff typically worked for Defendant at a work location substantially removed from his home.

24. Defendant would provide Plaintiff a motel room for the work week, while he was at his work location for Defendant.

25. Plaintiff would drive his crew from the motel to the work station, often stopping for supplies that may be needed during the work day, and discussing the work to be performed during the day. Such work was performed off the clock for the benefit of Defendant.

26. Defendant willfully violated the FLSA by failing to pay Plaintiff for this off the clock work performed for Defendant's benefit pre shift by Plaintiff.

27. As a result of Defendant's willful violation of the FLSA, Plaintiff has been damaged, suffering loss of pay.

## VII. PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays for the following relief:

A. That the Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in this Complaint;

B. That this Court award Plaintiff, and other similarly situated employees the amount of their back pay, plus an additional equal amount as liquidated damages;

C. That Plaintiff, and other similarly situated employees, be granted judgment against Defendant for all reasonable attorneys' fee, costs;

D. For such other and further relief as this Court deems equitable, proper and just.

Respectfully submitted,

_____
DAVID R. ARENDALL

_____
ALLEN D. ARNOLD
Counsel for Plaintiff

OF COUNSEL:
ARENDALL AND ASSOCIATES
2018 Morris Avenue
Birmingham, AL 35203
205.252.1550 – Office
205.252.1556 – Facsimile

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY FOR THE TRIAL OF THIS CAUSE.

_____
COUNSEL FOR PLAINTIFF

**SERVE DEFENDANT:**
Southern Oak Construction, LLC
c/o Lila Ellison, Registered Agent
675 County Road 406
Thorsby, AL 35171

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004308
Cashier ID: brobinso
Transaction Date: 03/13/2008
Payer Name: ARENDALL LAW FIRM
------------------------------------
CIVIL FILING FEE
 For: ARENDALL LAW FIRM
 Case/Party: D-ALM-2-08-CV-000177-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 10657
 Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

BERGER V. SOUTHERN OAK
```