IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JONAH BERGER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.:   2:08cv177-MHT |
| SOUTHERN OAK CONSTR., LLC, | ) ) ) | |
| Defendant. | ) | |

## ANSWER

**COMES NOW,** the defendant, Southern Oak Construction, LLC, and in answer to plaintiff's Complaint, states as follows:

1. The defendant admits the existence of federal question jurisdiction. However, the defendant denies that willful violations of the FLSA occurred and demands strict proof thereof.

2. Defendant admits that it employed the plaintiff for a time and that he performed work in the Middle District of Alabama. Defendant admits proper venue; however, defendant denies any willful violations were committed and demands strict proof thereof.

3. Admitted.

4. Defendant realleges and incorporates responses to Paragraphs 1 through 3 by reference as if fully set forth herein. To the extent called for, defendant also adopts and incorporates responses to Paragraphs 5 through 27 as if fully set forth herein.

5. Defendant admits that at the time the plaintiff's employment ended, he was a supervisor. Defendant denies the remainder of the allegations contained in Paragraph 5 and demands strict proof thereof.

6. Admitted.

7. Admitted.

8. Denied.

9. Denied.

10. Denied.

11. Defendant realleges and incorporates responses to Paragraphs 1 through 10 by reference as if fully set forth herein. To the extent called for, defendant also adopts and incorporates responses to Paragraphs 12 through 27 as if fully set forth herein.

12. Defendant admits that from the time it first employed plaintiff on or about August 27, 2005 until October, 2006, it paid plaintiff straight time for hours worked in excess of forty (40) hours in a work week.

13. Defendant admits that it has paid plaintiff one and a half times his hourly rate for hours worked in excess of forty (40) hours per week since October, 2006.

14. Defendant admits that it owes plaintiff some overtime payments from approximately September 24, 2005 until October, 2006. Defendant denies the remainder of the allegations contained in Paragraph 14 and demands strict proof thereof.

15. Denied.

16. Denied.

17. Defendant realleges and incorporates responses to Paragraphs 1 through 16 by reference as if fully set forth herein. To the extent called for, defendant also adopts and incorporates responses to Paragraphs 18 through 27 as if fully set forth herein..

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Defendant realleges and incorporates responses to Paragraphs 1 through 21 by reference as if fully set forth herein. To the extent called for, defendant also adopts and incorporates responses to Paragraphs 23 through 27 as if fully set forth herein..

23. Defendant admits that plaintiff occasionally worked on job sites away from his home. Defendant denies the remainder of the allegations contained in Paragraph 23 and demands strict proof thereof.

24. Defendant admits that it paid for motel rooms for plaintiff on some occasions when he worked on a job site away from his home. Defendant denies the remainder of the allegations contained in Paragraph 24 and demands strict proof thereof.

25. Defendant admits that plaintiff drove to and from work sites. Defendant denies the remainder of the allegations contained in Paragraph 25 and demands strict proof thereof.

26. Denied.

27. Denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against this defendant upon which relief may be granted to the plaintiff and the putative class members.

### SECOND AFFIRMATIVE DEFENSE

The defendant pleads the general issue.

### THIRD AFFIRMATIVE DEFENSE

The defendant pleads not guilty.

### FOURTH AFFIRMATIVE DEFENSE

The defendant avers that it is not guilty of any willful violation of the plaintiff's and the putative class members' employment rights.

### FIFTH AFFIRMATIVE DEFENSE

The defendant pleads the statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

A collective action is not proper in this case and plaintiff is not similarly situated to the putative class members.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of the work the plaintiff alleges to have performed was not compensable.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's and the putative class members' claims for relief are barred for a failure to mitigate their damages, if any.

### NINTH AFFIRMATIVE DEFENSE

The defendant denies that it acted with any willful intent.

### TENTH AFFIRMATIVE DEFENSE

The defendant avers that all actions were taken in good faith.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims for liquidated damages are barred in whole or in part because the defendant acted in good faith and had reasonable grounds for believing that any act or omission giving rise to such claim was not a violation of the FLSA.

**TWELFTH AFFIRMATIVE DEFENSE**

The defendant is entitled to a credit or offset against any claim for unpaid wages because the plaintiff was paid in excess of that required by the FLSA or for time that was not compensable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant denies that any willful violation of the FLSA has occurred and demands strict proof thereof.

**FOURTEENTH AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction to consider the claims of any and all the putative class members who had not filed either a Complaint or a written consent to opt into this action prior to the filing date of the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The plaintiff and the putative class members contributed to any of the alleged damages or injuries received.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Some or all of the plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The plaintiff's and putative class members' alleged injuries and damages were proximately caused by their own conduct, and they contributed to any of the alleged damages or injuries received.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's and all the putative class members' claims are barred, in whole or in part, as non-compensable by the Portal-to-Portal Act, as amended, 29 U.S.C. § 254.

### NINETEENTH AFFIRMATIVE DEFENSE

Even if some or all of the time at issue is compensable, sufficient compensation has already been paid to Plaintiff and all the putative class members.

### TWENTIETH AFFIRMATIVE DEFENSE

Even if some or all of the time at issue is compensable, Plaintiff and all the putative class members should take nothing on their claims because of the doctrine *de minimis non curat lex*.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff and the putative class members are estopped from seeking equitable relief as they come into this Court with unclean hands.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant pleads accord and satisfaction.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant pleads the lack of good faith of the plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and all the putative class members' claims are barred, in whole or in part, by the good faith defense provided in § 10 of the Portal-to-Portal Act, as amended, 29 U.S.C. § 259.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and all the putative class members' claims are barred, in whole or in part, by the good faith defense provided in § 11 of the Portal-to-Portal Act, as amended, 29 U.S.C. § 260.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff and all the putative class members are not entitled to a jury trial on liquidated damages.

## **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendant is entitled to a setoff against the plaintiff's and putative class members' claims.


    /s/    Emily C. Marks
EMILY C. MARKS

    /s/    C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR.
Attorneys for the Defendant

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 10, 2008, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following:

David R. Arendall
Arendall & Associates
2018 Morris Avenue
Birmingham, Alabama  35203

Allen D. Arnold
Arendall & Associates
2018 Morris Avenue
Birmingham, Alabama  35203

              /s/ Emily C. Marks
              OF COUNSEL